J-S17015-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KEITH HARRIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MITCHUM-WILSON FUNERAL HOME, | : | No. 1719 EDA 2025 |
| INC., AND CHRISTINA EDWARDS | : | |

Appeal from the Order Entered May 29, 2025
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 240800848

BEFORE:   PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:                    **FILED JULY 22, 2026**

Keith Harris appeals, *pro se*, from the Court of Common Pleas of Philadelphia County's order sustaining Mitchum-Wilson Funeral Home, Inc., and its Funeral Director, Christina Edwards' (collectively, "Appellees"), preliminary objections in the nature of a demurrer and dismissing Harris's amended complaint. Harris argues that the trial court erred in dismissing his amended complaint because he set forth legally sufficient causes of action for breach of contract and negligent infliction of emotional distress ("NIED") and, additionally, the trial court abused its discretion in dismissing his amended complaint with prejudice. After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized the relevant procedural history and factual allegations.

On August 7, 2024, [Harris] filed a complaint against [Appellees] alleging negligence and [NIED]. [Harris] averred that [Appellees] failed to provide him with an obituary, a livestream link and a video recording of his mother's funeral service to view at the prison where he is incarcerated. [Harris is incarcerated at SCI-Phoenix.] On January 17, 2025, [Harris] filed an Amended Complaint asserting claims of breach of contract and NIED. On January 31, 2025, [Appellees] filed Preliminary Objections to [Harris's] Amended Complaint. [Harris did not file a response.]

The allegations set forth in [Harris's] Complaint and Amended Complaint further allege that the parties had an oral contract whereby the funeral home would conduct the funeral service on a weekday before 2 p.m., provide a livestream link of the funeral service so that [Harris] may watch from prison, send a disc or video recording of the funeral service to the prison, and send an original copy of [his] mother's obituary to the prison. [Harris] further averred that on September 19, 2022, three days after his mother died, [Harris] and his family members spoke with Edwards, the funeral home's director, by phone. [Harris] asserts that an oral contract regarding his specific requests was agreed upon during this call. [Harris] claims that when he was brought from his cell to the prison chapel on the day of the funeral to watch the service the screen was black. [Harris] further claims that [Appellees] refunded $150 to the decedent's husband for not providing a livestream and video recording, and that Defendant Edwards told him that she did not have any more copies of his mother's obituary. [Harris] further asserts that [Appellees'] failure to provide the livestream, video recording, and obituary, caused him physical and emotional harm. []

[On April 9, 2025, Harris filed a motion to amend his amended complaint. Appellees filed a response in opposition. On May 2, 2025, the trial court denied the motion to amend.]

On May 29, 202[5], the trial court sustained [Appellees'] preliminary objections and dismissed [Harris's] Amended Complaint with prejudice. [Harris] filed a timely appeal of the trial court's May 29, 2025 order.

Trial Court Opinion, 10/30/25, at 1-2.

The trial court did not order Harris to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) and Harris never filed one. **See** Pa.R.A.P. 1925(b). The trial court did file a Rule 1925(a) opinion in support of its ruling.[1] **See** Pa.R.A.P. 1925(a).

Harris raises the following issues for our review.[2]

1. Whether the trial court erred in sustaining [Appellees'] preliminary objection as to [Harris's] breach of contract claim?

2. Whether the trial court erred in sustaining [Appellees'] preliminary objection as to [Harris's NIED] claim?

3. Whether the lower Court erred in dismissing the Action without granting [Harris] leave to file a second amended complaint?

Appellant's Brief, at 3.

_____

[1] In its opinion, the trial court addressed the legal sufficiency of Harris's breach of contract and NIED claims. However, without the benefit of a Rule 1925(b) statement, the trial court did not address its decision to dismiss the amended complaint with prejudice.

[2] Appellees argue that Harris failed to preserve his issues for appeal because he did not file a response to their preliminary objections. **See** Appellees' Brief, at 14-15, 17-20. We disagree. The failure to respond to a preliminary objection challenging the legal sufficiency of a complaint "does not sustain the moving party's objections by default, nor does it waive or abandon the claim." **Uniontown Newspapers, Inc. v. Roberts**, 839 A.2d 185, 190 (Pa. 2003); **Clark v. Peugh**, 257 A.3d 1260, 1265-66 (Pa. Super. 2021). Accordingly, Harris did not waive appellate review of his issues.

Harris's first two issues challenge the trial court sustaining Appellees' preliminary objections for legal insufficiency as to Harris's breach of contract and NIED claims.

Our standard of review of an order sustaining preliminary objections for legal insufficiency is well-established:

> Our standard of review in an appeal arising from an order sustaining preliminary objections in the nature of a demurrer is *de novo*, and our scope of review is plenary. We recognize a demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; we must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted.

*Laret v. Wilson*, 279 A.3d 56, 58 (Pa. Super. 2022) (brackets and citation omitted).

In his first issue, Harris claims that the trial court erred in sustaining Appellees' preliminary objection as to his breach of contract claim.

"To establish a cause of action for breach of contract, a plaintiff must plead (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Harley v. HealthSpark Foundation*, 265 A.3d 674, 685 (Pa. Super. 2021) (internal quotation marks and citation omitted). "[A] contract is formed when the parties to it 1) reach a mutual understanding, 2) exchange consideration, and 3) delineate the terms of their bargain with sufficient clarity." *Rice Drilling B, LLC v. Scott*, 325 A.3d 663, 670 (Pa. Super. 2024) (citations omitted).

- 4 -

"While not every term of a contract must be stated in complete detail, every element must be specifically pled." ***Presbyterian Med. Ctr. v. Budd***, 832 A.2d 1066, 1071 (Pa. Super. 2003) (citation omitted). "Clarity is particularly important where an oral contract is alleged." ***Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pennsylvania***, 895 A.2d 595, 600 (Pa. Super. 2006) (citation omitted).

"[C]onsideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." ***Glover v. Junior***, 333 A.3d 323, 339 (Pa. 2025) (citation omitted). "[I]t is not enough, however, that the promisee has suffered a legal detriment at the request of the promisor. The detriment incurred must be the '*quid pro quo*', or the 'price' of the promise, and the inducement for which it was made." ***Id.*** at 340 (emphasis added). Simply put, "[c]onsideration must actually be bargained for as the exchange for the promise." ***Pennsy Supply***, 895 A.2d at 600 (citation omitted).

Harris argues that he sufficiently pled the essential terms of a contract by averring that he and his family members entered into an agreement with Appellees. ***See*** Appellant's Brief, at 12-13. He further argues that he sufficiently pled that the consideration was the cost of the funeral services bargained for in exchange for the funeral services agreed to be provided. ***See id.*** at 13-14. Appellees argue that Harris's amended complaint merely described the services that Appellees provided but failed to identify any

promise or sacrifice that he made in exchange for Appellees' promise to provide those services. *See* Appellees' Brief, at 21-23. Further, Appellees argue that Harris's allegations demonstrate that Harris's family members, not Harris, entered into a contract for funeral services with Appellees.[3] *See id.* at 25.

The trial court stated that Harris failed to plead the existence of a contract because he failed to plead facts for the essential terms of the contract, specifically, the parties to the contract, and the consideration bargained for and exchanged. *See* Trial Court Opinion, 9/30/25, at 4. As the trial court explained,

> [Harris] avers that he was on a phone [] call with family members and [Appellee] Edwards when terms were discussed. [Harris] fails to pled facts to indicate that although present on call with [Appellees] that he was a party to an oral contract. [Harris] also fails to establish what if any consideration was bargained for and exchanged to support the alleged oral contract. [Harris] avers that

_____

[3] Appellees also argue that an oral contract could not have been formed because regulations promulgated under the Funeral Director Law, require that contracts for funeral services be in writing or a preapproved form. *See* Appellees' Brief, at 24-25 (citing 49 Pa. Code § 13.204(a)). However, that regulation is merely a professional requirement for funeral directors to abide by, and failure to abide by it can result in fines or license suspension by the State Board of Funeral Directors. *See Toms v. Bureau of Pro. & Occupational Affs.*, 800 A.2d 342 (Pa. Cmwlth. 2002); *see also* 63 P.S. § 479.16(a) ("The board shall be charged with the enforcement of this act. It shall be empowered to formulate necessary rules and regulations not inconsistent with this act for the proper conduct of the business or profession of funeral directing and as may be deemed necessary or proper to safeguard the interests of the public and the standards of the profession."). It does not prohibit the formation of oral contracts for funeral services, and such contracts are not required by the statute of frauds to be in writing. *See* 33 P.S. §§ 1-8. Therefore, we are unpersuaded by this argument.

$150 was returned to his mother's husband for failure to provide a livestream link and video recording but there are no specific terms alleged regarding payment to [Appellees] for services.

*Id.*

We agree with the trial court's assessment. Harris's amended complaint fails to set forth what consideration, if any, he exchanged for the performance of the funeral services. The amended complaint only refers to "loss of funeral expenses[]" due to Appellees alleged failure to fully perform. **See** Amended Complaint, at ¶ 32. Relatedly, the amended complaint does not specify whether Harris entered into a funeral service agreement with Appellees. **See** *id.* at ¶¶ 12-13, 17-19 (indicating that Harris, and his family members, discussed funeral services with Edwards). While the performance of the funeral service indicates that Appellees likely entered into an agreement with someone, Harris has not sufficiently pled that he had a contractual relationship with Appellees. A fair reading of the pleadings is that Appellees contracted with Harris's family members, not Harris himself. Absent these essential terms of a contract, Harris failed to set forth a cause of action for breach of contract. Accordingly, the trial court did not err in sustaining Appellees' preliminary objection as to Harris's breach of contract claim.

In his second issue, Harris claims that the trial court erred in sustaining Appellees' preliminary objection as to his NIED claim. Appellees agree with the trial court's finding that Harris's NIED claim was legally insufficient because his "special relationship" NIED claim relied on the existence of a

contractual relationship, which he failed to establish. ***See*** Trial Court Opinion,

9/30/25, at 5; Appellees' Brief, at 26-29. We agree with the trial court.

> In order to recover [for NIED], a plaintiff must prove one of four theories: (1) situations where the defendant owed the plaintiff a pre-existing contractual or fiduciary duty (the special relationship rule); (2) the plaintiff suffered a physical impact (the impact rule); (3) the plaintiff was in a "zone of danger" and reasonably experienced a fear of immediate physical injury (the zone of danger rule); or (4) the plaintiff observed a tortious injury to a close relative (the bystander rule).

***Jordan v. Pennsylvania State Univ.***, 276 A.3d 751, 774 (Pa. Super. 2022)

(citation omitted).

Harris concedes that his NIED claim is dependent on the existence of a

contractual relationship. ***See*** Appellant's Brief, at 21-23. We agree, as there

is no argument that he suffered a physical impact, was in a zone of impact, or

that he observed a tortious injury to a close relative. ***See id.*** at 19-27;

***Jordan***, 276 A.3d at 774. However, Harris argues that he pled a "special

relationship" NIED claim because he averred sufficient facts to demonstrate

that Appellees owed him a contractual duty, and the relationship between

himself and a funeral service provider for his mother is such that "there exists

a special relationship where it is foreseeable that a breach of the relevant duty

would result in emotional harm so extreme that a reasonable person should

not be expected to endure the resulting [di]stress." Appellant's Brief, at 19-

22 (quoting ***Toney v. Chester Cnty. Hosp.***, 36 A.3d 83, 84 (Pa. 2011)).

Harris is due no relief. As previously discussed, Harris failed to plead

sufficient facts to establish the existence of a contractual relationship between

himself and Appellees. Therefore, he failed to plead a legally sufficient "special relationship" NIED claim and the trial court did not err in sustaining Appellees' preliminary objections to Harris's NIED claim.[4]

In his third issue Harris claims that the trial court abused its discretion by dismissing his amended complaint with prejudice without granting him leave to amend.

> Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. However, the right to amend should not be withheld where there is **some reasonable possibility** that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading.

*Hill v. Ofalt*, 85 A.3d 540, 557 (Pa. Super. 2014) (emphasis in original) (citation omitted).

"However, the right to amend is not absolute." *Kuwait & Gulf Link Transp. Co. v. Doe*, 216 A.3d 1074, 1093 (Pa. Super. 2019) (citation omitted). "Where the initial pleading reveals that the complaint's defects are

---

[4] The trial court alternatively found Harris's NIED claim was barred by the gist of the action doctrine, which precludes plaintiffs from recasting ordinary breach of contract claims into tort claims. *See* Trial Court Opinion, 9/30/25, at 5; *Erie Ins. Exchange v. Abbott Furnace Co.*, 972 A.2d 1232, 1238 (Pa. Super. 2009). However, because we conclude the trial court properly dismissed the "special relationship" NIED claim as a matter of law, we need not reach this alternative finding or Harris's related argument. *See* Appellant's Brief, at 23-25.

so substantial that amendment is not likely to cure them, and that the *prima facie* elements of the claim or claims asserted will not be established, the right to amend is properly withheld." ***Id.*** (citation omitted).

Harris argues that the defects in his breach of contract claim were curable by amending his complaint to add averments to establish that he was a party to the agreement and the method of payment and costs that he incurred (i.e., consideration) in exchange for the funeral services. ***See*** Appellant's Brief, at 28-29. Appellees argue that the trial court did not abuse its discretion because Harris already amended his complaint once and additional averments would not cure the defects in Harris's amended complaint. ***See*** Appellees' Brief, at 31-32. We agree with Appellees.

As previously stated, Harris's breach of contract claim was legally insufficient because he failed to plead what consideration he provided to Appellees in exchange for them performing his mother's funeral and providing other funeral services. In his appellate brief, Harris represents that he would cure his defective amended complaint by averring additional facts regarding the contractual relationship between himself and Appellees and the consideration exchanged. ***See*** Appellant's Brief, at 29-30. However, Harris only offers mere boilerplate assertions. ***See id.*** He offers no details, or specific facts, to suggest that he could cure his defective legal claims. Without such specific facts, he cannot state a legally sufficient claim, and therefore amendment would be futile. ***See Feingold v. Hill***, 521 A.2d 33, 39 (Pa.

Super. 1987) (affirming dismissal of complaint with prejudice where the complaint and lack of specific facts asserted in the appellate brief demonstrated that amendment would be "fruitless"). Additionally, as his "special relationship" NIED claim relies on the existence of a contractual relationship, which he has demonstrated he cannot sufficiently state, leave to amend his NIED claim is also not warranted. Accordingly, we discern no abuse of discretion in the trial court dismissing Harris's amended complaint with prejudice.

For the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2026